UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

ARLEY BATISTA VELAZQUEZ,

    Plaintiff,                                    **JURY TRIAL DEMANDED**

v.

PARADISE PARKING SYSTEMS, LLC, a Florida
limited liability company, DOUBLE PARK, LLC,
a Florida limited liability company, DANIEL
RADRIZZANI, ANDREW FALSETTO,
MITCHELL LISS, and GINO FALSETTO,

    Defendants.
_____/

## **COMPLAINT FOR DAMAGES**

Plaintiff, ARLEY BATISTA VELAZQUEZ, ("BATISTA VELAZQUEZ"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, PARADISE PARKING SYSTEMS, LLC, a Florida limited liability company (hereinafter, "PARADISE"), DOUBLE PARK, LLC, a Florida limited liability company (hereinafter, "DOUBLE"), DANIEL RADRIZZANI, (hereinafter "RADRIZZANI"), ANDREW FALSETTO, (hereinafter "A. FALSETTO'), MITCHELL LISS, (hereinafter "LISS"), and GINO FALSETTO, (hereinafter "G. FALSETTO"), and states as follows:

### **INTRODUCTION**

1. This is an action to recover unpaid overtime wage and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq*, (hereinafter "FLSA"), , FMWA, Art, X, 24 of the Fla. Constitution and Fla. Stat. 448.110.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendants, PARADISE and DOUBLE were enterprises engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, PARADISE, DOUBLE, RADRIZANNI, A. FALSETTO, LISS, and G. FALSETTO, operated a valet parking business. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

b. Defendants were and continue to be companies and individuals doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, BATISTA was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendants, PARADISE and DOUBLE, were conducting business in Miami, Miami-Dade County, Florida, with their principal places of business in that city.

10. At all times material hereto, Defendants, PARADISE, DOUBLE, RADRIZANNI, A. FALSETTO, LISS, and G. FALSETTO, were the employers of Plaintiff.

11. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, BATISTA his lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendants, PARADISE and DOUBLE were "enterprise[s] engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, BATISTA was directly essential to the businesses performed by Defendants.

16. Plaintiff, BATISTA has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. On or about October 22, 2010, Plaintiff, BATISTA was hired by the Defendants as a valet parking attendant at the Defendants' valet parking business. The Plaintiff's job was to work as a valet and park the cars of Defendants' customers. His employment ended on or about February 7, 2017.

18. Plaintiff, BATISTA was paid an hourly wage of $5.50 per hour, which is below the applicable State and Federal minimum wage, respectively.

19. Defendants knowingly and willfully operated their businesses with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

20. Defendants, RADRIZANNI, A. FALSETTO, LISS, and G. FALSETTO, were supervisors and/or manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

21. Defendants, RADRIZANNI, A. FALSETTO, LISS, and G. FALSETTO were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, BATISTA.

22. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

23. Plaintiff, BATISTA repeats and realleges Paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff, BATISTA's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

25. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, BATISTA was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

26. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, BATISTA intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

27. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, BATISTA at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

28. Defendants failed to properly disclose or apprise Plaintiff, BATISTA of his rights under the FLSA.

29. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, BATISTA is entitled to liquidated damages pursuant to the FLSA.

30. Due to the willful and unlawful actions of the Defendants, Plaintiff, BATISTA has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

31. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, BATISTA respectfully requests that judgment be entered in his favor against the Defendants:

    a.    Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff overtime compensation in the amount calculated;

    c.    Awarding Plaintiff liquidated damages in the amount calculated;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiff post-judgment interest; and

    f.    Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

32. Plaintiff realleges Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

33. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

34. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid his minimum wages.

35. Defendants unlawfully availed themselves to an FLSA "tip credit" and otherwise failed to pay the Plaintiff minimum wages for all hours worked.

36. Plaintiff was paid below the minimum wage for his work hours.

37. The Defendants acted willfully.

38. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in his favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorneys' fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT III

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND SECTION 448.110 FLORIDA STATUTES

39. Plaintiff realleges Paragraphs 1 through 22 as if fully stated herein.

40. Pursuant to Article X, Section 24 of the Florida Constitution and Section 448.110 Florida Statutes, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

41. During Plaintiff's employment, Defendants paid him less than the statutory minimum wage for his work hours. The Defendants unlawfully availed themselves to an FLSA tip credit and otherwise failed to pay the Plaintiff minimum wages for all hours worked. The Defendants acted willfully.

WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b. Awarding Plaintiff all back wages due and owing;

c.  Awarding Plaintiff liquidated damages in the amount equal to his back wages;

d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e.  Awarding Plaintiff prejudgment and post-judgment interest;

g.  declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

h.  Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: April 6, 2017.

                                    Respectfully submitted,

                                    BOBER & BOBER, P.A.
                                    Attorneys for Plaintiff
                                    1930 Tyler Street
                                    Hollywood, FL 33020
                                    Phone: (954) 922-2298
                                    Fax: (954) 922-5455
                                    peter@boberlaw.com
                                    samara@boberlaw.com

                                    By: s/. Peter Bober
                                         PETER BOBER
                                         FBN: 0122955
                                         SAMARA BOBER
                                         FBN: 0156248